IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARIAM MOHAMED NOOR,

      Plaintiff,

v.                                          Civil Action 2:22-cv-4429
                                           Judge James L. Graham
                                           Magistrate Judge Jolson

CARRIAGE HOUSE RENTAL OFFICE,

      Defendant.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Mariam Mohamed Noor's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. The matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Applying those standards, the Magistrate Judge **RECOMMENDS** dismissal.

    I.      BACKGROUND

Plaintiff has sued Carriage House Rental Office and has a list of complaints. She claims that maintenance is not being done "on time." (Doc. 1-1 at 2). As an example, she explains that her light bulb went out on a Friday, she waited until Monday to report it, and no one came to fix it. (*Id.*). Instead, says Plaintiff, her house became full of demons. (*Id.*). In her Complaint, she also mentions "mad, druggist, rapists, magicians" as well as the Department of Labor. (*Id.* (spelling fixed)). At base, however, she seems to be frustrated with Defendant's responses when she has issues with her apartment.

## II. DISCUSSION

The Undersigned recommends dismissal for failure to state a claim and frivolity.

### A. Failure to State a Claim

Courts liberally construe *pro se* pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Still, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim unsupported by facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Here, even construed liberally, Plaintiff's allegations do not state a claim upon which relief can be granted.

Though not entirely clear, Plaintiff appears to be attempting to bring an action under 42 U.S.C. § 1983 because she noted that she is bringing a civil rights claim. "'To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (quoting *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997)). Thus, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that the Defendants acted under color of state law; and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Plaintiff has not sued anyone acting under color of state law. Instead, she has sued Carriage House Rental Office. There is no allegation—or reasonable inference—that the rental office is acting under color of law. Further, it is not clear which constitutional right the rental office infringed. Indeed, Plaintiff has identified no constitutional injury. So Plaintiff has failed to state a claim under § 1983.

On her civil cover sheet, Plaintiff also checked Housing/Accommodations. While certain

2

housing claims may be brought under federal law, Plaintiff has not alleged any sort of claim in her Complaint. Even reading Plaintiff's Complaint liberally, no claim has been stated.

### B. Frivolity

Additionally, the Undersigned notes that many of Plaintiff's allegations are frivolous. An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that a court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness (quoting *Neitzke*, 490 U.S. at 328)). Those characterizations fit Plaintiff's allegations.

Plaintiff claims demons are attacking her home. (Doc. 1-1 at 2). The Court has no supernatural powers to combat demons. Similarly, Plaintiff's references to druggists, rapists, and magicians make no sense. Here is what she says: "[T]he issue is all arising from the Rental office of Carriage, Hud, and department of labor sending mad people druggists to our apartment Rental office and even magicians doing whatever they want." (Doc. 1-1 at 2 (spelling fixed)). Consequently, Plaintiff's Complaint is frivolous and ought to be dismissed.

### III. CONCLUSION

Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. Yet, the Magistrate Judge **RECOMMENDS** dismissal.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the

Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 14, 2023  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE